IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOSEPH EUGENE LEMAY,

*Movant*,

v.

UNITED STATES OF AMERICA,

*Respondent*.

No. 25-cv-19028-SB
(formerly No. 2:21-cr-00937-SB)

Joseph Eugene Lemay,

*Pro se Movant.*

Robert Frazer, U.S. ATTORNEY'S OFFICE, Camden, NJ.

*Counsel for Respondent.*

**MEMORANDUM OPINION**

October 20, 2026

BIBAS, *Circuit Judge*, sitting by designation.

Joseph Eugene Lemay was convicted by a federal jury in New York of conspiring to defraud the IRS by facilitating his former employer's evasion of federal taxes. He then pleaded guilty in this court to two counts of evading his own income taxes. Now he seeks to void his plea, complaining that his first lawyer had conflicts of interest and loyalty because of that lawyer's relationship with Lemay's former employer. But this case does not implicate his former employer, and Lemay got conflict-free counsel

before choosing to waive any alleged conflict and stand by his plea. So I DENY his motion.

Lemay worked for and helped run Moishe's Moving. The primary owner of Moishe's was Moishe Mana. To help Moishe's evade payroll taxes, Lemay and another Moishe's employee, Joel Lingat, set up shell companies. Lemay also used some of those shell companies to evade his personal income taxes.

Moishe Mana used Bryan Skarlatos and Yossi Yerushalmi as his lawyers. In mid-2018, Lemay hired a different lawyer, Frank Agostino, to represent him. But Agostino never told Lemay that he used to represent Yerushalmi or that, by 2018, he had started coordinating strategy with Skarlatos. Those relationships could have interfered with Agostino's representation of Lemay. Yet Agostino never got Lemay's informed consent or a waiver of any conflict between Mana's interests and his own.

In 2021, Lemay and Lingat were charged in a three-count federal indictment in the Southern District of New York, but Lemay's two personal-income-tax charges were soon transferred to the District of New Jersey. In 2023, Lemay replaced Agostino with new lawyers: Eric Creizman (in both cases) and Melissa Madrigal (in the New York case). In a 2024 New York jury trial, Lemay and Lingat were each convicted of conspiracy to help Moishe's evade taxes. So Lemay fired his lawyers and replaced them with Paul Lieber in both cases.

Lemay then alleged conflicts of interest in the New York case. After holding a post-trial evidentiary hearing, the District Court denied the motion as untimely and meritless. That court discounted Lemay's allegations as "severely undermined by the

evidentiary record," which showed that he had been aware of and consented to his prior lawyers' communications with Mana and his representatives. *United States v. Lemay*, 2026 WL 18625, at *14 (S.D.N.Y. Jan. 2, 2026). And it held that even if Lemay had been unaware of any conflict, it had not affected Lemay's legal options or outcome. *Id.* at *16.

Lemay ultimately pleaded guilty in this Court to the two counts of evading personal income taxes and was sentenced to 21 months' imprisonment. He now alleges that Agostino suffered a conflict of interest given his relationships with people close to Mana. I need not hold an evidentiary hearing or rest on the New York court's findings because the record of this case forecloses Lemay's claim three times over. *See* 28 U.S.C. § 2255(b).

*First*, after Lemay alleged these conflicts of interest, he came into this Court for sentencing. I asked specifically about these allegations. Sent'g Tr. 10–13. His lawyer, Lieber, confirmed that his allegation of divided loyalties in the New York case did not apply here. *Id.* at 10–12. And Lemay confirmed that he was satisfied with Lieber's representation, stood by his plea, and did not wish to withdraw it. *Id.* at 12–13. Lemay has never alleged that Lieber suffers any conflict of interest.

*Second*, Lemay's pre-plea allegations are extinguished by his plea. A voluntary guilty plea is "a break in the chain of events which has preceded it." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). So most claims of error from before the plea are cut off. *Id.* After pleading guilty, the only thing that Lemay can argue is that his plea

was itself involuntary or unintelligent. *Id.* But he does not and cannot make that claim here.

*Third*, even if his lawyer were conflicted here, there is no reason why Mana's or Moishe's interests would differ from Lemay's in this case. The New York case was about the conspiracy to help Moishe's evade its own taxes. When he was on trial there, Lemay alleged that Mana's and Moishe's interests diverged from his own. That divergence could support a conflict-of-interest claim in the New York case, though the New York court rejected it after hearing the evidence.

But this case has nothing to do with Mana or Moishe's. It is only about Lemay's use of shell companies to conceal his personal income from the IRS. That is why he admitted, at sentencing, that his ineffective-assistance-of-counsel allegations in the New York case do not apply here. Thus, this case does not even present a potential conflict between Mana's or Moishe's interests and Lemay's.

* * *

Lemay's allegations about his lawyer's conflict of interest are unsupported, and the record forecloses them. I DENY his motion for appointment of counsel, his request for an evidentiary hearing, and his §2255 motion. Because he has not made a substantial showing of the denial of a constitutional right, I also DENY a certificate of appealability under 28 U.S.C. §2253(c)(1)(B).